IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-238-D
No. 5:13-CV-431-D

ALFONZA McCOY, )
          Petitioner, )
           )
v. ) **ORDER**
           )
UNITED STATES OF AMERICA, )
          Respondent. )

On June 14, 2013, Alfonza McCoy ("McCoy") filed a motion to vacate, set aside, or correct his 235-month sentence pursuant to 28 U.S.C. § 2255 [D.E. 183]. On July 24, 2013, McCoy filed a corrected motion [D.E. 188]. On September 27, 2013, the government moved to dismiss McCoy's section 2255 motions [D.E. 194]. On October 22, 2013, McCoy responded in opposition to the government's motion to dismiss [D.E. 198]. As explained below, the court grants the government's motion to dismiss, dismisses McCoy's motions to vacate, and denies McCoy's motion to appoint counsel.

I.

On August 10, 2011, a federal grand jury in the Eastern District of North Carolina indicted McCoy on twelve counts involving conspiracy to distribute and possess with the intent to distribute 5 kilograms of cocaine and 280 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. See [D.E. 1]. On December 12, 2011, McCoy signed a written waiver of indictment. See [D.E. 96, 97]. On that same date, McCoy pleaded guilty, pursuant to a plea agreement [D.E. 98], to a one-count criminal information [D.E. 94] charging McCoy with conspiracy to distribute and

possess with the intent to distribute five kilograms or more of cocaine. See [D.E. 96, 98]. In the plea agreement, McCoy agreed:

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

[D.E. 98] ¶ 2(c).

Before sentencing, the United States Probation Office ("probation") prepared a Presentence Investigation Report ("PSR"). See [D.E. 133]. Probation calculated McCoy's base offense level to be 34, and then added a two-level enhancement under U.S.S.G. § 2D1.1(b)(14)(B)(ii) for knowingly involving a 70-year old in the offense, and a three-level enhancement under U.S.S.G. § 3B1.1(b) for being a manager or supervisor. See PSR ¶¶ 46, 47, 49. Probation then reduced McCoy's adjusted offense level of 39 by three levels for acceptance of responsibility. See id. ¶ 53. A total offense level of 36, coupled with a criminal history category of III, yielded an advisory guideline range of 235 to 293 months. See U.S.S.G. ch. 5, pt. A (sentencing table).

On June 15, 2012, this court held a sentencing hearing. At the hearing, McCoy withdrew his objections to the PSR. See Sentencing Tr. [D.E. 166] 4–5. Accordingly, the court calculated McCoy's advisory guideline range to be 235 to 293 months' imprisonment, based on a total offense level of 36 and a criminal history category of III. See id. 5–6. After considering the evidence presented, the arguments of counsel, McCoy's allocution, and the section 3553(a) factors, the court sentenced McCoy to 235 months' imprisonment. See id. 12–18; Judgment [D.E. 136].

McCoy appealed. See [D.E. 138, 139, 144]. On January 8, 2013, the Fourth Circuit enforced

the appellate waiver, granted the government's motion to dismiss the appeal, and dismissed the appeal. See [D.E. 172].

On June 14, 2013, McCoy timely filed a section 2255 motion [D.E. 183, 188]. McCoy raises three claims of ineffective assistance of counsel. First, McCoy claims that his attorney provided ineffective assistance by improperly advising McCoy about the consequences of pleading guilty. Second, McCoy claims that his attorney provided ineffective assistance by failing to object to the two-point enhancement for using his 70-year-old mother-in-law to sell cocaine. Third, McCoy claims that his counsel provided ineffective assistance by failing to consult with McCoy about his right to appeal and failing to file a notice of appeal. See [D.E. 188] 4–12. In response, the government moved to dismiss McCoy's section 2255 motions for failure to state a claim upon which relief can be granted. See [D.E. 194]; Fed. R. Civ. P. 12(b)(6).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176,

3

180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

As for McCoy's claims of ineffective assistance of counsel, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotation omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012); Smith v. Murray, 477 U.S. 527, 535–36 (1986). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to counsel's ineffective assistance, it was involuntary or unknowing. See, e.g., Hill v. Lockhart, 474 U.S. 52, 56–57 (1985); Fields v. Att'y Gen., 956 F.2d 1290, 1296–97 & n.17 (4th Cir. 1992). Moreover, "sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill, 474 U.S. at 57–58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively

4

unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 687. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

First, McCoy contends that his attorney provided ineffective assistance by improperly advising McCoy about the consequences of pleading guilty. McCoy's first claim fails, however, because it "necessarily relies on allegations that contradict the sworn statements" he made during his Rule 11 hearing. United States v. Lemaster, 403 F.3d 216, 222 (4th Cir. 2005); see Blackledge v. Allison, 431 U.S. 63, 73–74 (1977). At McCoy's Rule 11 hearing, the court advised McCoy of the charges against him, the maximum potential penalties associated with those charges, the sentencing process, and the consequences of pleading guilty, including the trial rights he would waive. See Arraignment Tr. [D.E. 155] 2–33. In response, McCoy stated, under oath, that he understood the charges against him, the maximum potential penalties associated with those charges, the sentencing process, and the consequences of pleading guilty, including the trial rights he would be giving up. See id. McCoy also stated, under oath, that no one had forced him to plead guilty, and that he understood what he was doing by pleading guilty. See id. 17–33. In sum, McCoy's sworn statements during his Rule 11 hearing conclusively establish that his plea agreement was knowing and voluntary. Accordingly, the court dismisses McCoy's first claim to the contrary.

Next, McCoy contends that his attorney provided ineffective assistance at sentencing by failing to object to the court's application of a two-point enhancement under U.S.S.G. §

5

2D1.1(b)(14)(B)(ii). The court applied the enhancement because the record conclusively demonstrated that McCoy knowingly used his 70-year-old mother-in-law and co-defendant Helen Dixon to distribute cocaine. See PSR ¶¶ 15, 47.

McCoy's claim of ineffective assistance of counsel concerning the advisory guideline calculation fails. Counsel's decision not to challenge the enhancement is a tactical one entitled to deference. See Strickland, 466 U.S. at 689; see also Knowles v. Mirzayance, 556 U.S. 111, 127 (2009); Powell v. Kelly, 562 F.3d 656, 670 (4th Cir. 2009). Moreover, McCoy does not plausibly allege deficient performance. The court correctly calculated McCoy's total offense level, and counsel was not ineffective for failing to make a frivolous objection. See, e.g., Knowles, 556 U.S. at 127; Sharpe v. Bell, 593 F.3d 373, 383 (4th Cir. 2010). In any event, any alleged error in calculating McCoy's advisory guideline range is not prejudicial or a miscarriage of justice. Simply put, the alleged error cannot surmount section 2255's procedural bar where (as here) McCoy received a sentence less than the statutory maximum. See 28 U.S.C. § 2255(a); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); United States v. Mikalajunas, 186 F.3d 490, 495–96 (4th Cir. 1999).

Finally, McCoy contends that his attorney provided ineffective assistance by failing to consult with him concerning an appeal and failing to file a notice of appeal. Cf. Roe v. Flores-Ortega, 528 U.S. 470, 477–80 (2000); United States v. Cooper, 617 F.3d 307, 313 (4th Cir. 2010); United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000); United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). McCoy's counsel, however, did file a notice of appeal. See [D.E. 138, 139]. McCoy also filed a notice of appeal. See [D.E. 144]. As such, McCoy's final claim fails.

After reviewing the claims presented in McCoy's motions, the court determines that reasonable jurists would not find the court's treatment of any of McCoy's claims debatable or wrong,

and that none deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 194], and DISMISSES McCoy's section 2255 motions [D.E. 183, 188]. The court DENIES McCoy's motion to appoint counsel [D.E. 181] and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 18 day of July 2014.

JAMES C. DEVER III
Chief United States District Judge