IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-238-D-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ALFONZA MCCOY, | ) | |
| | ) | |
| Defendant. | ) | |

On December 12, 2011, pursuant to a written plea agreement, Alfonza McCoy ("McCoy") pleaded guilty to conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine. See [D.E. 94, 98, 155]. On June 15, 2012, the court held McCoy's sentencing hearing. See [D.E. 136, 166]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated McCoy's total offense level to be 36, his criminal history category to be III, and his advisory guideline range to be 235 to 293 months' imprisonment. See Resentencing Report. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced McCoy to 235 months' imprisonment. See id.; [D.E. 136, 166]. McCoy appealed. On January 8, 2013, the United States Court of Appeals for the Fourth Circuit dismissed McCoy's appeal due to the appellate waiver in his plea agreement [D.E. 172].

On March 2, 2016, McCoy moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 [D.E. 227]. McCoy's new advisory guideline range is 188 to 235 months' imprisonment, based on a total offense level of 34 and a criminal history category of III. See Resentencing Report. McCoy requests a 188-month sentence. See id.; [D.E. 227]. On March 2, 2016, the government responded [D.E. 228].

The court has discretion to reduce McCoy's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce McCoy's sentence, the court finds that McCoy engaged in prolonged, serious criminal behavior. See PSR [D.E. 133] ¶¶ 9–18. Moreover, McCoy is a recidivist and has a conviction for maintain a vehicle, dwelling, and/or place for controlled substance, and driving while impaired. See id. ¶¶ 20–29. McCoy also has performed poorly on supervision. See id. ¶¶ 32, 41–42. Nonetheless, McCoy has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that McCoy received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing McCoy's sentence would threaten public safety in light of his serious criminal conduct and criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies McCoy's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES McCoy's motions for reduction of sentence [D.E. 227].

SO ORDERED. This _8_ day of May 2018.

JAMES C. DEVER III
Chief United States District Judge